## David SICKLE and Matthew W. Elliott, Appellants

### v.

## TORRES ADVANCED ENTERPRISE SOLUTIONS, LLC, also known as Torres AES, LLC and Scott Torres, Appellees.

### No. 14-7009
### September Term, 2015

United States Court of Appeals, District of Columbia Circuit.

Filed On: June 7, 2016

Scott J. Bloch, Attorney, Law Offices of Scott J. Bloch, PA, Washington, DC, for Plaintiffs–Appellants.

Rachel Hirsch, Alain Jeffrey Ifrah, Attorney, Ifrah PLLC, Washington, DC, for Defendants–Appellees.

Before: Rogers, Srinivasan, and Millett, Circuit Judges

### JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The court has afforded the issues full consideration and has determined that they do not presently warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED and ADJUDGED** that the judgment of the district court dismissing Appellants' claims under 33 U.S.C. § 948a and 42 U.S.C. § 1651(a) be affirmed. Appellants did not exhaust their administrative remedies for those claims before filing suit. *See Brink v. Continental Ins. Co.,* 787 F.3d 1120, 1128 (D.C. Cir. 2015). It is

**FURTHER ORDERED** that, in light of the dismissal of Appellants' only federal-law claims, the record be remanded to the district court for a determination whether subject-matter jurisdiction exists to decide Appellants' remaining common-law claims, either as a discretionary exercise of supplemental jurisdiction or diversity jurisdiction as the amended complaint asserts. *See Tate v. District of Columbia,* 627 F.3d 904, 913 (D.C. Cir. 2010) (remanding plaintiff's common-law claims "for the district court to determine in its discretion whether to decide their merits or to dismiss them without prejudice pursuant to 28 U.S.C. § 1367(c)(3)"); *Minker v. Baltimore Annual Conference of United Methodist*

---

* Chief Judge Garland did not participate in this matter.

*Church*, 894 F.2d 1354, 1361 (D.C. Cir. 1990) (directing district court to determine on remand whether diversity jurisdiction existed where court affirmed dismissal of claims providing federal question jurisdiction). It is

**FURTHER ORDERED** that, as this court retains jurisdiction over this appeal, this case will be held in abeyance pending resolution of the limited jurisdictional question on remand. The Clerk is directed to transmit a copy of this judgment to the district court. The district court is requested to notify this court promptly upon its determination of the jurisdictional issue identified herein. The parties are directed to file motions to govern future proceedings in this appeal within 21 days of the district court's determination.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein pending resolution of the remainder of the appeal. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.